**GREENE COUNTY NURSING AND CARE CENTER, INC. d/b/a Greene Haven, Appellant,**

v.

**DEPARTMENT OF SOCIAL SERVICES, and Missouri Division of Medical Services, Respondents.**

**No. WD 43237.**

Missouri Court of Appeals, Western District.

Jan. 2, 1991.

Rehearing Denied March 5, 1991.

Harvey M. Tettlebaum, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Jefferson City, for appellant.

Linda M. Shine, Jefferson City, for respondents.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Greene County Nursing and Care Center, Inc., d/b/a Greene Haven, was certified to participate in the Missouri Medicaid Pro-

gram. The facility was built in 1980 and in 1988 an addition was built on to the facility. Greene Haven applied for reconsideration of its reimbursement rate to take into consideration the cost of the new construction. The request was denied and Greene Haven submitted its case to the Administrative Hearing Commission. The Commission denied the request and on Greene Haven's appeal to the circuit court the decision was affirmed.

On this appeal, Greene Haven contends the Commission reached a result not authorized by law. Reversed and remanded.

Greene Haven was originally built with limited space in the dining room and insufficient space for storage and office uses. In 1988, the facility was expanded by adding on a new building which enlarged the dining room space so that all residents could be fed in one sitting instead of two sittings. This meant the residents could be fed in one and one-half hours per meal or four and one-half hours a day instead of the seven and one-half hours per day that it took to feed all residents prior to the new construction. The new construction also added additional storage and office space.

The parties agree that if Greene Haven is entitled to reconsideration of its reimbursement rate that the new rate expressed as a per diem amount would be thirty-six cents.

The Division of Medical Services took the position that Greene Haven was entitled to reconsideration of its reimbursement rate only if the new construction added new beds to enlarge its existing facility. Since the new building did not add any beds to the Greene Haven facility, the Division denied the reconsideration request.

Greene Haven filed an appeal with the Administrative Hearing Commission which held a hearing. The Commission decided that under § 208.169.1(2), RSMo Supp.1987, reconsideration was proper only in the event Greene Haven built an entirely new facility.

On appeal to the circuit court the Commission's decision was affirmed and Greene Haven has appealed to this court.

Although not raised by the parties, this court has examined the applicable law to determine if the Administrative Hearing Commission had jurisdiction to hear and decide this case. The Commission has jurisdiction under § 621.055 [1] as follows, "[a]ny person authorized under section 208.153, RSMo, to provide services for which benefit payments are authorized under section 208.152, RSMo, may seek review by the administrative hearing commission of any of the actions of the department of social services specified in subsection 2, 3, or 4 of section 208.156, RSMo." Section 208.152.1(4), authorizes benefit payments for eligible needy persons for nursing home services. Section 208.153, RSMo Supp.1989, provides that "the division of medical services shall by rule and regulation define the reasonable costs, manner, extent, quantity, quality, charges and fees of medical assistance herein provided." Section 208.156.2 provides that a "person authorized under section 208.153 to provide services for which benefit payments are authorized under section 208.152 whose claim for reimbursement for such services is denied ... shall be entitled to a hearing before the administrative hearing commission...."

Greene Haven qualifies as a person authorized to provide services. The remaining question is whether this is a claim for reimbursement. Although Greene Haven is seeking only a partial reimbursement for the services it provides through its nursing home by way of reconsideration of its reimbursement rate, it is seeking reimbursement which has been denied. In short, this court does not construe § 208.156.2 to apply only if the entire claim for the reimbursement has been denied, but such section would apply to a partial denial of reimbursement which would be the case here because Greene Haven is already receiving reimbursement and is seeking the additional amount. Thus, this court concludes the Commission had jurisdiction to

**1.** All sectional references are to RSMo Supp. 1987, unless otherwise indicated.

hear this case. However, it is worthy of note that the Commission did not consider the question of its jurisdiction in its findings of fact and conclusions. Because the Commission is a creature of statute and has no more and no less authority than granted by the legislature, *State Board of Reg. for Healing Arts v. Masters*, 512 S.W.2d 150, 161[10, 11] (Mo.App.1974), it would be well for the Commission to recite the jurisdictional basis for its consideration of a case.

Turning to the appeal, Greene Haven seeks reconsideration of its reimbursement rate under § 208.169.1(2), RSMo Supp.1987, and contends the construction placed on that section by the Commission results in a nonsensical interpretation. Section 208.-169.1(2), RSMo Supp.1987, provides for a reimbursement "[i]n the case of a newly built facility or part thereof which is less than two years of age...." The Commission held that the phrase "or part thereof" refers to a newly built facility so that the section would read "in the case of a newly built facility or of a newly built part of a newly built facility." In effect, the Commission held that the statute referred only to a newly built facility or a newly built part of a newly built facility. The Division agrees with the Commission's interpretation, but contends that unless the newly built part contains beds there is no basis for a reconsideration. The Division's only authority for this position is an unwritten policy followed by the Division. Further, the Division characterizes the new building built on to Greene Haven as a remodel and not as a newly built building.

*Black's Law Dictionary* (5th ed, 1979) defines remodel as "[t]o model anew; reconstruct, recast, reform, reshape, reconstruct, to make over in a somewhat different way." It is apparent that the building of a new building to add on to an existing facility is not a remodel.

It is also apparent that a nursing home facility must have dining room, office and storage space. Certainly a nursing home cannot exist with only space for beds and no space for necessary auxiliary services. Thus, the addition of a new building to an existing facility to fill a need for additional dining room, office and storage space would be just as necessary to the operation of a nursing home as the construction of a building to house beds.

The position of the Division that the new building constructed by Greene Haven cannot be the basis of a reconsideration of its reimbursement rate because it did not add any more beds cannot be sustained because a nursing home requires more than beds and such argument has no basis in law and finds its only basis in an unwritten policy of the Division.

Turning to the meaning of the phrase "in the case of a newly built facility or part thereof which is less than two years of age" this court cannot agree with the interpretation found by the Commission. Under the Commission's version a newly built building which became a part of an existing facility which was more than two years of age could never be considered as giving rise to a reconsideration of its reimbursement rate.

Section 208.169.1(2), RSMo Supp.1987, is ambiguous in its reference to "part thereof." "When a statute is ambiguous, it is proper to consider its history, the surrounding circumstances and the ends to be accomplished." *Glanville v. Hickory County Reorg. Sch., etc.*, 637 S.W.2d 328, 330[2–4] (Mo.App.1982). Thus, the task of this court is to ascertain the meaning of the section in light of the ends to be accomplished by the enactment of § 208.169.1(2), RSMo Supp.1987. That section establishes a formula for calculating a reimbursement rate for a nursing home facility. Part of the formula is based on operating costs. Certainly a new building added to an existing facility would impact the operating costs of the facility as a whole. To refuse to consider the increase in operating costs caused by adding a new building on to an existing facility is to thwart the purpose of the statute to establish a reimbursement rate. This court cannot accept the conclusion drawn by the Commission that because Greene Haven was an existing facility that even a new building built on to it could not qualify as a basis for reconsidera-

tion of its reimbursement rate. The decision of the Commission mandates a reading of the statute which results in essentially a redundancy. Nor does the Commission's result take into account a new building built on to an existing facility which would provide additional beds which even the Division would agree gives rise to reconsideration of its reimbursement rate. As pointed out above, dining room, office and storage space is just as necessary to the operation of a nursing home as is the space occupied by beds. It is certainly not unusual for an existing facility to have additions built on to provide necessary space. To hold that existing facilities could not have a reconsideration of their reimbursement rate by reason of constructing a new building would deny all existing facilities the right to add additional space. This court cannot conclude that the legislature intended that result in view of the provision in the statute that operating costs are to be considered in fixing the reimbursement rate.

The reasonable construction to place on the sentence in question is that it refers to a newly built facility, or a newly built part, less than two years of age, of an existing facility. In other words the phrase "or part thereof" means a newly built addition to an existing facility if the addition is less than two years of age.

■ The result is that when an existing facility such as Greene Haven adds a new building to its existing facility, the cost of the new building can be the basis for a reconsideration of the reimbursement rate if it is less than two years old because the operating costs are affected and those costs enter into the calculation of the rate.

■ In reviewing a decision of the Administrative Hearing Commission which is based upon an interpretation or application of the law, this court is not precluded from exercising its independent judgment. *Al–Tom Inv., Inc. v. Director of Revenue*, 774 S.W.2d 131, 132[1] (Mo. banc 1989). This court exercises its independent judgment and concludes that the Commission was erroneous in its interpretation of existing law.

The judgment of the circuit court affirming the Commission's decision is reversed and this cause is remanded to the circuit court with directions to reverse the decision of the Commission and to remand this cause to the Commission for consideration of Greene Haven's petition on its merits.

All concur.