**MISSOURI DEPARTMENT OF SOCIAL SERVICES, Appellant,**

v.

**ADMINISTRATIVE HEARING COMMISSION, Respondent.**

No. WD 44550.

Missouri Court of Appeals, Western District.

March 24, 1992.

Edwin F. Moats and William E. Cornwell, Dept. of Social Services, Jefferson City, for appellant.

Harvey M. Tettlebaum, Husch & Eppenberger, Jefferson City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

The Missouri Department of Social Services (DSS) appeals from an order of the circuit court granting the motion of the Administrative Hearing Commission (AHC) to quash a preliminary writ in prohibition. DSS raises seven points of alleged error in this appeal, claiming that the circuit court erred in quashing the preliminary writ in prohibition because: (1) the AHC lacks jurisdiction over the issues raised in Hillhaven's complaints because Hillhaven lacks standing to raise those issues; (2) 13 CSR 70–10.010(7)(D)(4)[1] bars AHC jurisdiction to review a trend factor; (3) the AHC has no jurisdiction under § 208.156.4[2] to review the trend factor; (4) the AHC has no jurisdiction to review the trend factor because Hillhaven has not satisfied the condition precedent required by *Livingston Manor, Inc. v. Department of Social Serv.*, 809 S.W.2d 153 (Mo.App.1991); (5) the AHC lacks subject matter jurisdiction over the constitutional issues raised in the Hillhaven complaint; (6) the AHC lacks subject matter jurisdiction over the Boran Amendment compliance issue raised in the Hillhaven complaint; and (7) the AHC lacks subject matter jurisdiction over the trend factor effective date issue. The order of the trial court quashing the preliminary order in prohibition is affirmed.

Hillhaven, Inc., a corporation authorized to do business in Missouri, operates a chain of nursing homes. On behalf of eighteen of its Missouri nursing homes, Hillhaven filed eighteen identical complaints with the AHC seeking a hearing before the AHC from the final decision of DSS as contained in letters dated December 28, 1988. These letters notified each of the eighteen complainants of the increase in its Medicaid per-diem reimbursement rate as a result of the trend factor and noted that the effective date of that increase was January 1, 1989. The letter also informed each of the complainants of its right to a hearing before the AHC under § 208.156 and § 621.055.

DSS moved to dismiss for failure of subject matter jurisdiction, but the AHC overruled the motion. After its motion for rehearing was denied, DSS filed its petition in prohibition with the circuit court. On December 19, 1989, a preliminary writ of prohibition was issued. The AHC moved to quash and on February 6, 1991, the circuit court granted the AHC's motion to quash. The order quashing the preliminary writ is an appealable final judgment. *State ex rel. Westfall v. Gerhard*, 676 S.W.2d 37, 38 (Mo.App.1984).

Prohibition provides litigants with the means to circumvent the normal appellate process and should therefore be employed by the courts judiciously and with exceptional restraint. *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). "A writ of prohibition does not issue as a matter of right." *Id.* The discretionary authority of the court to issue this writ is exercised "when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventative action." *Id.* Two requirements must occur simulta-

1. This is the regulation that was in effect at the time the rate was set.

2. All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

neously before the issuance of such a writ: (1) a showing must be made that the court exceeded its jurisdiction; and (2) the remedy of appeal must not be available to the relator. *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 856–57 (Mo.App. 1988). Where there exists an adequate remedy by appeal, prohibition will not lie. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990). DSS does not make a showing that either of the requirements are satisfied by the facts in the instant case.

DSS does not make any showing that it lacks an adequate remedy by appeal, but focuses on the lack of jurisdiction prong of the test. The only reference DSS makes to the appealability of the proceeding is to state that where a court is wholly lacking in jurisdiction to proceed, appeal is not considered to be an adequate remedy because any action that the court could take would be without authority and the parties involved would suffer from unwarranted expense and delay. *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 79 (Mo. banc 1974). The AHC, however, is not wholly lacking in jurisdiction.

Section 621.055.1, provides:

Any person authorized under section 208.153, RSMo, to provide services for which benefit payments are authorized under section 208.152, RSMo, may seek review by the administrative hearing commission of any of the actions of the department of social services specified in subsection 2, 3, or 4 of section 208.156, RSMo. The review may be instituted by the filing of a petition with the administrative hearing commission. The procedures applicable to the processing of such review shall be those established by chapter 536, RSMo. The administrative hearing commission shall maintain a transcript of all testimony and proceedings in any review governed by this section, and copies thereof shall be made available to any interested person upon the payment of a fee which shall not exceed the reasonable cost of preparation and supply. Decisions of the administrative hearing commission under this section shall be binding subject to appeal by either party. If the provider of services prevails in any dispute under this section, interest shall be allowed at the rate of eight percent per annum upon any amount found to have been wrongfully denied or withheld. In any proceeding before the administrative hearing commission under this section the burden of proof shall be on the provider of services seeking review.

Section 208.156.4 provides:

Any person authorized under section 208.153 to provide services for which benefit payments are authorized under section 208.152 who is aggrieved by any rule or regulation promulgated by the department of social services or any division therein shall be entitled to a hearing before the administrative hearing commission pursuant to the provisions of chapter 161, RSMo.

These sections give the AHC the jurisdiction to hear the action. Curiously, DSS apparently recognized the AHC's jurisdiction initially in the notification it sent to the facilities concerning the trend factor adjustment. That notification contained the following language:

Please direct any questions concerning the prospective rate as set forth above to this office. If the facility wishes to appeal the prospective rate determination, please direct your appeal to the Administrative Hearing Commission, Truman State Office Building, 301 West High Street, P.O. Box 1557, Jefferson City, Missouri, 65102, under the provisions of Sections 621.055 and 208.156, RSMo 1986 within thirty days of the date of this letter, if the sum in dispute exceeds $500.00. Any questions concerning appeal procedures should be directed to the Administrative Hearing Commission. (Emphasis added).

█ DSS argues that the AHC's power is co-extensive with the power of DSS so

that the regulation which bars DSS from reviewing a trend factor, 13 CSR 70–10.-010(7)(D)(4), also bars the AHC from hearing the matter. This assertion is in error. The AHC's jurisdiction is defined by § 208.-156 and § 621.055. If, as suggested by DSS, the AHC's jurisdiction were co-extensive with DSS, then any agency that did not wish the AHC to review its decision could avoid that review by drafting a rule or regulation preventing review. DSS does not cite any case law which would support such a proposition. An agency's regulation cannot act as a restriction on the AHC's statutorily set jurisdiction.

In the instant case Hillhaven claims that the DSS decision regarding the trend factor increase was in error. It challenges the decision on several grounds claiming that the trend factor was incorrect as it failed to reimburse reasonable costs as required by § 208.152.1; was violative of both the Missouri Constitution and the United States Constitution; was violative of federal law; and was incorrectly calculated in regard to its effective date. In reviewing the DSS decision, the AHC is performing an administrative review. The AHC "simply determines on evidence heard, the administrative decision of the agency involved." *Geriatric Nursing Facility, Inc. v. Department of Social Serv.*, 693 S.W.2d 206, 209 (Mo. App.1985). The decision of the AHC then becomes the decision of the department. *Id.* This is not a reconsideration of the trend factor analogous to a judicial review wherein the record is scrutinized for legal error.

The AHC's function is to render the administrative decision of the agency. *Id.* In the instant case DSS rendered a decision on the trend factor applicable to fiscal year 1989. It sent a letter to the health care facilities providing an adjusted rate based upon trend factor calculation and gave the effective date of January 1, 1989. What was proper for DSS to consider is what is proper for the AHC to consider.

■ Calculation of the trend factor[3] involves a series of factual determinations. "[A] challenge to the construction and application of an administrative regulation which requires a review of the facts relating thereto presents matters other than purely legal issues of constitutionality." *Boot Heel Nursing Center, Inc. v. Missouri Dept. of Soc. Serv.*, 826 S.W.2d 14, 16 (W.D.Mo.App.1992). DSS has not exhausted its remedies. "Exhaustion is generally required as a matter of preventing premature interference with the agency processes, so that the agency may function efficiently and so that it may correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Id.* at 16. Whether or not the AHC has the jurisdiction to consider all of the claims made by Hillhaven in its complaint, raised as points of error by DSS in this appeal, is not a proper subject for this review as this is a review of the quashing of a writ of prohibition, not a review of the merits of any AHC administrative decision concerning Hillhaven. That review is properly performed under §§ 536.100 *et seq.*, unless otherwise provided by law. *See* § 621.145; *Missouri Health Facilities Review Comm'n v. Administrative Hearing Comm'n*, 700 S.W.2d 445, 449 (Mo. banc 1985).

It would be premature for this court to address issues raised by DSS concerning the subject matter jurisdiction of the AHC, as this is not a direct appeal from a decision rendered by that body. The AHC has not been afforded the opportunity to render a decision on these matters. An adequate remedy on appeal exists and prohibition will not lie. *See Degeere*, 748 S.W.2d at 856. The trial court did not err in quashing the writ.

■ DSS has raised the issues of Hillhaven's standing before the AHC. As DSS

---

**3.** Calculation of the trend factor involves a series of complex calculations taking into account various factors measuring changes in costs of goods and services purchased by providers over the course of a year. For further information, readers are directed to 13 CSR 70–15.010, the current regulation establishing reimbursement for covered inpatient hospital services and covered outpatient hospital services.

correctly points out, standing may be raised for the first time upon appeal and the lack of standing cannot be waived. *Pace Constr. Co. v. Missouri Highway & Transp. Comm'n,* 759 S.W.2d 272, 274 (Mo. App.1988). The AHC maintains that the question of standing cannot be raised in the instant appeal relying on language in *State ex rel. Labor & Indus. Relations Comm'n v. Elliston,* 779 S.W.2d 733, 736 (Mo.App. 1989), providing:

It is a " '... general rule ... that an application for a writ of prohibition will not be considered unless a plea to the jurisdiction has been filed and overruled in the lower court,....' " *State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge,* 331 Mo. 1015, 1037, 56 S.W.2d 28, 39, 85 A.L.R. 1378, 1394–1395 (1932), cert. denied, 289 U.S. 746, 53 S.Ct. 689, 77 L.Ed. 1492 (1933). Also see *State, Government Employees Ins. Co. v. Lasky,* 454 S.W.2d 942 (Mo.App.1970).

Once again it must be noted that this is not an appeal of a decision by the AHC, but an appeal from the trial court's quashing of a preliminary writ in prohibition. The only issue of standing properly raised in this appeal under the *Pace* standard is standing as to the writ proceeding. The standing issue has not been presented to the AHC under the rules governing prohibition set out in *Elliston.* DSS challenges this interpretation pointing out that the AHC is not a court of general jurisdiction and its jurisdiction must not be presumed but pleaded affirmatively. *Greene County Nursing & Care Center, Inc. v. Department of Social Serv.,* 807 S.W.2d 117 (Mo.App.1991). Hillhaven, in its eighteen complaints, has pled jurisdictional facts. No challenge to standing has been made by DSS and its contention is without merit.

The order of the trial court quashing its preliminary writ in prohibition is affirmed.

All concur.