STATE of Missouri, Respondent,

v.

Marceleno GOLA, Appellant.

Marcelino GOLA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 45291, WD 47516.

Missouri Court of Appeals,
Western District.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied
March 22, 1994.

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellant, Marcelino Gola,[1] appeals his conviction in the Circuit Court of Jackson County, Missouri of two counts of the class B felony of sale of a controlled substance, in violation of section 195.211, RSMo Supp.1992.

Appellant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing.

On May 10, 1991, appellant was charged by indictment with two counts of sale of a controlled substance. The indictment alleged that on January 28th and 29th of 1991, appellant sold cocaine base (otherwise known as "crack cocaine") to Police Officer Herbert Robinson, knowing or consciously disregarding a substantial and unjustifiable risk that it was a controlled substance.

A jury trial took place on July 29th and 30th of 1991. Appellant did not testify or present any evidence in his defense. Appellant was found guilty of both counts on July 30, 1991. As to Count I, the jury assessed punishment at nine years imprisonment. As to Count II, the jury assessed punishment at five years imprisonment. On August 6, 1991, appellant filed a Motion for Judgment Notwithstanding the Verdict or, in the alternative, for a New Trial. This motion was overruled and judgment was entered on September 6, 1991. The trial judge sentenced appellant in accordance with the jury's recommendation and ordered that the sentences on each count run consecutively to each other. Appellant filed a notice of appeal on September 13, 1991.

On June 16, 1992, appellant timely filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence, pursuant to Rule 29.15, alleging ineffective assistance of counsel. Counsel was appointed for appellant and an amended Rule 29.15 motion was filed on November 13, 1992. The motion for postconviction relief was denied without an evidentiary hearing on January 22, 1993. Appellant filed his notice of appeal from the denial of the Rule 29.15 motion on March 3, 1993. The appeals were consolidated on March 5, 1993.

■ In his first point on appeal, appellant argues that the trial court erred in allowing State's witness Detective Samuel Burroughs to testify as an expert in the field of narcotics, because there was no showing that the jury was incapable of drawing conclusions from the facts proved, Detective Burroughs'

1. Although appellant's name is spelled in the caption of this cause as "Marceleno" and also as "Marcelino," it is noted by the parties that the true spelling is "Marcelino."

testimony did not aid the jury, and Detective Burroughs' testimony invaded the province of the jury.

■ The admissibility of expert testimony is left to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion. *State v. Marks*, 721 S.W.2d 51, 55 (Mo.App. 1986) (citations omitted). The trial court's discretion in this regard is only abused when the ruling is "clearly against the logic of the circumstances or when it is arbitrary and unreasonable." *Id.* (quoting *Mathews v. Chrysler Realty Corp.*, 627 S.W.2d 314, 319 (Mo.App.1982)).

■ The essential test of the admissibility of expert testimony is whether such testimony will be helpful to the jury. *Id.* A guiding principle in applying this test is that expert testimony is proper "[i]f the subject is one with which lay jurors are not likely to be conversant.... On the other hand, if the subject is one of everyday experience, ... then opinion testimony is properly rejected." *Id.* at 55–56 (quoting *Wessar v. John Chezik Motors, Inc.*, 623 S.W.2d 599, 602 (Mo.App. 1981)). Expert testimony is frequently admitted to explain the modus operandi of criminal activity. *Id.* at 56.

■ In *United States v. White*, 890 F.2d 1012, 1013 (8th Cir.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990), appellants appealed their conviction by jury of drug related crimes. The Eighth Circuit found that the admission by the trial court of testimony regarding drug courier profiles was not a clear abuse of discretion. *Id.* at 1014. The court stated, "it is also well established that it is within a federal court's discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers...." *Id.* at 1014. This arises from Fed.R.Evid. 702 which allows a qualified expert to testify in the form of an opinion if the witness's specialized knowledge will help the fact finder to understand the evidence or determine a fact in issue. *Id.* at 1014.

The court in *United States v. Daniels*, 723 F.2d 31, 33 (8th Cir.1983), found that a police officer was properly permitted to testify that it is common for drug dealers to put their property in someone else's name. In *Daniels*, the police officer testified that, in his experience in dealing with narcotics, it is common to see cars and apartments registered in names other than those of the actual users and that these "front men" were sometimes women. *Id.* at 32. The court found that the admission of this testimony was not a clear abuse of discretion. *Id.* at 33. The court reasoned that this testimony "helped the jury understand why [defendant] was being charged for possession of narcotics in property held in another's name" and that the methods by which drug dealers attempt to conceal their activities is not something with which most jurors are familiar. *Id.* at 33.

In both *White* and *Daniels*, the courts balanced the probative value of the testimony against the risk of unfair prejudice.

In the case at bar, the State called Detective Burroughs of the Kansas City, Missouri Police Department's Drug Enforcement Unit to testify as an expert in the field of narcotics. Detective Burroughs testified as to his qualifications as an expert in the field of narcotics. He further testified that in the past he spent some time buying drugs undercover in the Kansas City area. He estimated that he participated in "[s]omewhere between seventy and ninety undercover buys." Detective Burroughs testified as to his knowledge about the pricing, street value, composition, and packaging of crack cocaine in Kansas City. Detective Burroughs also explained certain terminology and testified as to his knowledge about the operation of crack houses in Kansas City.

Detective Burroughs testified that the crack cocaine received into evidence (that purchased and recovered from appellant) exhibited the common form of packaging on the streets and of that found in drug houses. Detective Burroughs further testified regarding the street dollar value of the crack cocaine purchased and recovered from appellant.

The facts to which Detective Burroughs testified were clearly not matters of common knowledge and everyday experience of the

jurors. Detective Burroughs' testimony was helpful to the jury in that he explained facts about the sale of crack cocaine that a person without experience in such an area would not otherwise have understood. Given the crime with which appellant was charged, the sale of crack cocaine, this testimony was clearly relevant and helpful to the jury in its determination of the issues in the case.

The trial court did not abuse its discretion in allowing Detective Burroughs to testify as an expert in the field of narcotics.

Appellant's first point is denied.

■ In his second point on appeal, appellant argues that the trial court clearly erred in overruling appellant's Rule 29.15 motion for postconviction relief because appellant's trial counsel was ineffective for failing to object to improper portions of the State's closing argument concerning the jury acting as the community conscience. Appellant contends that these portions of the State's argument appealed to the jurors' passions and prejudices, injected into the jurors' minds matters not proper for their consideration, and prejudiced appellant.

■ Appellate review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989); Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Jones,* 771 S.W.2d at 351 (citations omitted).

■ In order to prevail on a claim of ineffective assistance of counsel, a postconviction movant must prove by a preponderance of the evidence that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that movant was thereby prejudiced. *Amrine v. State,* 785 S.W.2d 531, 534 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). Movant must demonstrate that there is a reasonable probability that, but for the unreasonable conduct of counsel, the result of the proceeding would

have been different. *State v. Lumpkin,* 850 S.W.2d 388, 394 (Mo.App.1993). The court begins with the strong presumption that counsel acted reasonably and competently. *Amrine,* 785 S.W.2d at 534. Consequently, movant is faced with a "heavy burden." *Id.*

■ Determining the prejudicial effect of closing argument is a matter within the sound discretion of the trial court, and the trial court's judgment on that matter will not be disturbed unless there was a clear abuse of discretion. *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.,* 700 S.W.2d 426, 434 (Mo. banc 1985).

■ A prosecutor is permitted to argue general propositions regarding the prevalence of crime in the community, the personal safety of the community's citizens, and the jury's duty to uphold the law including inferences regarding the jury's failure to convict and pleas to the jury's common experience. *Lumpkin,* 850 S.W.2d at 395; *State v. Newlon,* 627 S.W.2d 606, 619 (Mo. banc), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). Reference by the prosecution in its closing argument to the war on drugs is not a per se violation of a defendant's rights. *Lumpkin,* 850 S.W.2d at 395.

In *State v. Hatcher,* 835 S.W.2d 340, 344 (Mo.App.1992), where appellant was convicted of possession of cocaine, the prosecutor's closing argument contained many references to the "drug problem" in society and also referred to the "war against drugs." The prosecutor argued, in pertinent part, as follows:

Drugs are a problem in our society today.... We have a drug problem in this country; and it's a serious drug problem; and if you believe the evidence in this case, then, you'll believe that we have a drug problem here in Milan, right here in small town U.S.A..... I'm not suggesting to you that by convicting [defendant] that we're going to win the war against drugs, but there is a war against drugs going on in this country and I think the way you win a war is you fight each battle one at a time and this is obviously a battle.... I would ask you to convict this defendant and show the people that we don't tolerate cocaine in

our community, that we don't want our families exposed to this kind of thing. We don't want our children growing up with cocaine, and the way you send that message in a case like this is, first of all, you convict the defendant; and, secondly, you assess the punishment that will get the attention and deter people from bringing drugs into this community.

*Id.*

The court in *Hatcher* found that the prosecutor's argument was not improper and did not provide a basis for reversal. *Id.* The argument did not suggest personal danger to the jurors or their families upon acquittal of the defendant, as condemned by *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo. 1970). *Hatcher*, 835 S.W.2d at 344. Furthermore, the argument was not one in which the prosecutor argued with respect to the defendant's criminal proclivities and the necessity for specifically deterring him from future crimes. *Id.* The argument was permissible because the prosecutor argued the necessity for law enforcement, the prevalence of crime in the community, the personal safety of its inhabitants and the duty of the jury to convict defendant to prevent crime. *Id.* at 344–45 (citing *State v. Holt*, 660 S.W.2d 735, 738 (Mo.App.1983)). These are all legitimate arguments, as long as the prosecutor stays within the record and the reasonable inferences to be drawn therefrom and does not make an inflammatory appeal to the jurors to arouse their personal hostility toward or personal fear of the defendant, such as implanting in their minds the fear that the defendant's acquittal will endanger their own personal safety or that of one of their family members. *State v. Plummer*, 860 S.W.2d 340, 350 (Mo.App.1993) (citations omitted).[2]

In the case at bar, the State, during its closing argument, stated, in pertinent part, as follows:

Now it's time for you to take your collective knowledge and memory of the evidence to make a decision your community can be proud of. Now is your opportunity to address the feeling of despair and helplessness that is in your community with regard to drug trafficking and the havoc that it wreaks on lives on a daily basis.

\*       \*       \*       \*       \*       \*

Tell Mr. Gola there'll be no more blue light specials for poison crack cocaine being sold at 3410 Forest if you've got anything to do with it. And today you can do something about it. People scream and moan about crime and they don't know what to do and they fell [sic] helpless, now you've got an opportunity now to stand up and be counted and say this ain't what's happening in your community.

Based on the above authority, we find that the State's argument was permissible and not prejudicial to appellant. The State merely made general references to the drug problem in the community and plead to the jurors' common experiences. Trial counsel was not ineffective for failing to object to this portion of the State's closing argument, which objection would have been nonmeritorious. *See Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). Thus, the motion court did not clearly err in denying appellant's Rule 29.15 postconviction relief motion.

Appellant's second point is denied.

In his third point on appeal, appellant argues that the trial court erred in overruling appellant's motion in limine to prohibit references to and use of the evidence of 127 baggies of crack cocaine that were found near appellant at the time of appellant's arrest. Appellant contends that such evidence amounted to evidence of other crimes, did

---

**2.** Appellant, in his argument, relies on *United States v. Solivan*, 937 F.2d 1146, 1153 (6th Cir. 1991), where the court found that defendant's constitutional right to a fair trial was violated because the prosecutor's appeal to the community conscience in the context of the war on drugs prejudicially impacted on defendant. The *Solivan* court found that the effect of the prosecutor's comments was to suggest to the jury that, be-

cause of defendant's participation in the drug trade in northern Kentucky, the drug problem facing the jurors' community would continue if they did not convict her. *Id.*

*Solivan* is not controlling in the case at bar. We are bound by the decisions of the Missouri Supreme Court which show that appellant's point warrants no relief. *See State v. Crenshaw*, 852 S.W.2d 181, 187 (Mo.App.1993).

not fit into any of the exceptions to the rule against evidence of other crimes, and was not strictly necessary to proof of the offenses with which appellant was charged.

We initially note that a ruling in limine is interlocutory only and a motion in limine, in and of itself, preserves nothing for appeal. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992).[3] A ruling on evidence will only be preserved for appeal when the objection is made at the time the evidence is offered and, thus, issues raised in a motion in limine must be raised at trial to be preserved for appeal. *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App.1992). In other words, to preserve an issue brought in a motion in limine, a defendant must object to the introduction of the evidence or statement at trial. *State v. Muthofer*, 731 S.W.2d 504, 509 (Mo. App.1987).

Since appellant made a continuing objection at trial to the evidence of the 127 baggies of cocaine, we will treat his point on appeal as challenging the ruling of the court at trial rather than on the pretrial motion in limine.

A trial court enjoys broad discretion in ruling on whether to exclude or admit evidence adduced by the parties at trial. *Henderson*, 826 S.W.2d at 374. We will not interfere with the trial court's ruling on the admission or exclusion of evidence absent a clear abuse of the trial court's discretion. *Id.*

Evidence of other crimes is generally inadmissible unless the evidence has a legitimate tendency to establish a defendant's guilt of the crime charged. *Id.* However, if the evidence of other crimes tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the person charged, the evidence is admissible. *Id.* Evidence of separate crimes is admissible if it is relevant to prove a defendant's guilt of the particular crime with which he is charged and not merely a defendant's bad character or his disposition to commit the crime. *Id.* The determination of whether the evidence of other crimes is relevant, and thus admissible, is made by the trial court which is in the best position to evaluate whether the potential prejudice of relevant evidence outweighs the relevance. *Id.* A trial court's admission of irrelevant and immaterial evidence, even of other crimes, will not be reversed on appeal absent a showing of prejudice. *Id.*

In the case at bar, the State was required to prove, for each charge, that appellant sold cocaine base with the knowledge that it was cocaine base. In *State v. Steward*, 844 S.W.2d 31, 32 (Mo.App.1992), defendant was convicted for possession of cocaine. The court found that Demerol found on defendant's nightstand and a pipe used for smoking drugs which was found in defendant's purse tended to prove that defendant had knowledge of the nature of the illegal

---

3. In his brief, appellant admits that he did not object to Police Officer James Morgan's testimony that when he arrested appellant, he found 127 plastic baggies, each containing crack cocaine, in a plastic pipe located four to five feet from appellant. Appellant did object when the State offered the 127 baggies into evidence as State's Exhibit Number 11, which objection was overruled. In his brief, appellant asks for plain error review pursuant to Rule 30.20 if it is found that appellant did not preserve this issue for appellate review.

Respondent, in its brief, points out that appellant did in fact make a timely continuing objection to the challenged evidence during Officer Morgan's testimony based on his previous motion in limine. The trial transcript reveals that during the testimony of Officer Morgan, and before he actually testified to finding the 127 baggies of cocaine, defense counsel stated as follows:

MR. ROLDAN [defense counsel]: And, Judge, while we're here, just for continuity, this is the part also, Judge, where I anticipate that she's going to be asking regarding the 127 bags of cocaine. And just for purposes so I don't have to get up again, at this time, Judge, I'll lodge my objection to any evidence. My objection, Judge, for the record purposes, in regard to my pretrial motion that I think this evidence is highly prejudicial and inflammatory and would be more prejudicial and inflammatory tipping the scales on its relevancy. And for those reasons I object to that evidence that will be coming in from this witness.

THE COURT: This objection may be shown as continuing and it is overruled.

Respondent contends, however, that appellant's point on appeal does not raise a claim that the trial court erred in the admission of the challenged evidence at trial. Rather, respondent argues, appellant claims that the trial court erred in the denial of his motion in limine and, thus, presents nothing for this court to review.

drugs (cocaine) found in her house and that she intended to possess illegal drugs. *Id.* at 35. The *Steward* court found the reasoning of other court decisions to be controlling:

> In *State v. Camden*, 837 S.W.2d 520 (Mo. App.1992), this court held that a cigarette butt found in defendant's jacket that contained marijuana was properly admitted in defendant's trial for possession of cocaine. The court stated that this evidence tended to prove defendant's intent to possess illegal drugs and his knowledge of illegal drugs. *State v. Camden*, at 522. In *State v. Johnson*, 811 S.W.2d 411 (Mo.App.1991), the court allowed evidence of marijuana found in defendant's bedroom and in the pocket of a jacket which was in the room, but did not belong to the defendant, to be introduced at defendant's trial for possession of cocaine found in the same room.

*Steward*, 844 S.W.2d at 34.

The facts surrounding the discovery of the 127 baggies of crack cocaine are as follows: Officer Morgan testified that he and several other police officers executed a search warrant at appellant's residence on the evening of January 29, 1991 after an undercover police officer, Officer Robinson, had made two purchases of crack cocaine from appellant. Officer Morgan testified that, in executing the search warrant, his duty was to recover any money, guns, narcotics, paraphernalia, or any other property of evidentiary value found in appellant's residence. When Officer Morgan went inside the house, he first helped secure the main floor and then went down to the basement with two other officers. In the basement, Officer Morgan observed appellant standing under the stairway. Apparently, appellant was the only person in the basement at the time. According to Officer Morgan's testimony, appellant was crouched down near a mattress that was laying on the floor. Appellant would not lay down as instructed and would not show the officers his hands. Appellant had to be physically restrained and placed on the ground. Officer Morgan, upon processing the basement, found a plastic baggie containing 127 plastic baggies of a substance identified to be crack cocaine. These baggies were found in a plastic, PCB type pipe approximately four or five feet from where appellant was located.

We find that the evidence of the 127 baggies of crack cocaine found in the vicinity of appellant at the time of his arrest was relevant to prove appellant's knowledge that the substance he was selling was crack cocaine. This evidence of appellant's involvement or connection with other drugs was admissible to show his intent, motive, and knowledge of the nature of the substance he sold. The trial court did not abuse its discretion in allowing in such evidence.

Appellant's third point is denied.

■ In his final point on appeal, appellant argues that the trial court erred in instructing the jury with MAI–CR3d 300.02, which was read to the jury prior to voir dire, and Instruction Number 4, patterned after MAI–CR3d 302.04, because the instructions defined proof beyond a reasonable doubt as proof that leaves one "firmly convinced" of the defendant's guilt, and thus allowed the jury to find appellant guilty based upon a degree of proof below that required by due process.

This definition of proof beyond a reasonable doubt has been repeatedly upheld by the Missouri Supreme Court. As a recent example, in *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993), the Missouri Supreme Court held that Instruction Number 4 meets the constitutional requirements for a definition of reasonable doubt. This court is required to follow the last controlling decision of the Missouri Supreme Court. *State v. Lumpkin*, 850 S.W.2d 388, 394 (Mo.App.1993).

We find no error in the trial court's instructing the jury with this definition of proof beyond a reasonable doubt.

Judgment affirmed.

All concur.