**STATE of Missouri, Plaintiff–Respondent**

**v.**

**Roy Lee PAYTON, Defendant–Appellant.**

**No. 19583.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Roy Lee Payton (defendant) was convicted, following a jury trial, of assault in the second degree (Count I), § 565.060.1 [1], and leaving the scene of a motor vehicle accident (Count II), § 577.060. This court affirms.

Count I charged defendant with striking Shawnee Garcia with a motor vehicle he was operating while under the influence of alcohol and marijuana and injuring her. Count I alleged that defendant was criminally negligent; that he failed to keep a proper lookout.

Count II charged defendant with operating a motor vehicle that was involved in an accident in which another person sustained physical injury and with knowing that the injury occurred. It alleged that the accident oc-

curred on a public road; that defendant left the scene without stopping and giving sufficient information to the nearest police station or judicial officer by which he could be readily identified and located. Both charges arose from the same incident.

In his opening statement, the prosecuting attorney told the jury that Shawnee Garcia's mother and some other persons found Shawnee in the road after she was struck by defendant's automobile. He told the jury that they got an ambulance to take Shawnee to a hospital. Speaking about Shawnee's mother, he said, "And she drove down the road, and that's where she found Officer Leavens, with the defendant sitting in the back of his automobile." The prosecutor related a heated verbal exchange between Shawnee's mother and defendant in which defendant stated he did not hit a kid, he hit a dog. Defendant's trial attorney did not object to the prosecutor's remarks.

The state presented no evidence of the argument the prosecutor described in his opening statement. Defendant contends the trial court erred in not, *sua sponte*, declaring mistrial at the close of the evidence; that the state's description of a confrontation between Shawnee's mother and defendant in its opening statement, followed by its failure to present evidence of the confrontation, denied defendant a fair trial; that manifest injustice and miscarriage of justice occurred. He seeks plain error review as permitted by Rule 30.20, apparently in recognition that the issue was not preserved for review because no objection was made to the remark during opening statement. *State v. Moiser*, 738 S.W.2d 549, 562 (Mo.App.1987).

Cautionary Instructions No. 1 and 2, patterned after MAI–CR 3d 302.01 and 302.02, were read to the jury before opening statements. The jury was told in Instruction No. 1, "It is your duty to determine the facts and to determine them only from the evidence and the reasonable inferences to be drawn from the evidence"; and in Instruction No. 2, "The opening statements of attorneys are not evidence."

---

1. References to statutes are to RSMo Supp.1993.

Instructions No. 1 and 2 were proper and adequate in that they are required in all criminal cases. Rule 28.02(c). *See* Notes on Use, MAI–CR 3d 302.01 and 302.02. When a jury receives proper and adequate instructions, it is presumed the jury will properly follow the instructions as given. *State v. Preston,* 673 S.W.2d 1, 7 (Mo. banc 1984). There was no showing to the contrary. This court finds no plain error in the trial court's failure to, *sua sponte,* declare mistrial at the close of the evidence. The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.