STATE of Missouri, Respondent,

v.

Clifford BOONE, Appellant.

Clifford BOONE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65062, 67840.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for Respondent.

KAROHL, Judge.

Clifford Boone appeals his conviction for rape. He was sentenced to eight years imprisonment as a Class X offender. He also appeals his denial for post-conviction relief without an evidentiary hearing. We affirm.

We review the facts in the light most favorable to the verdict. Boone and K.B. met at Malcolm–Bliss Hospital. He was admitted for alcohol and drug dependency. K.B. was a patient for severe depression. They became friends. Both were released on November 21, 1991. That day, Boone offered to drive her home in her car. She accepted.

Shortly after they arrived at her apartment in St. Louis County, Boone suggested they drive to St. Louis City to pick up his paycheck and search for his friends. Along the way he obtained some crack cocaine. They both used the drug. They returned to K.B.'s apartment in the evening. Boone became forceful and belligerent. Afraid and confused, K.B. called her sister. After she hung up the phone, Boone choked, raped and sodomized her. The next day, they drove around searching for more of his friends. He later checked into the Fireside Inn in St. Louis City. At the motel, Boone lent K.B.'s car to one of his friends so he could acquire more drugs. That night, he forcibly repeated his assaults on K.B.

On November 23, 1991, Boone checked out of the motel. He traveled with K.B. by bus since Boone's friend never returned the car. He gave her the option of taking the bus back to her apartment or searching for the car. She decided to take a bus home. Boone attempted to search for the car. On route home, she informed the bus driver she was raped and taken hostage that weekend. The driver stopped near the police station. She went to the police and then to the hospital where she was examined and treated. The doctors found bruises around her thighs and pelvis and scratches on her neck.

Boone was charged with two counts of rape (Count I and III), two counts of sodomy (Count II and IV), and one count of felonious restraint (Count V). At the close of the State's evidence, Boone moved for judgments of acquittal. The trial court granted the motion for Count III, IV, and V. Boone introduced evidence of consent. The jury acquitted Boone on Count II, sodomy, but found him guilty of Count I, rape.

In his first point, Boone contends the trial court plainly erred in admitting evidence of drug offenses and the rape that occurred at the Fireside Inn. He argues these were

matters of uncharged crimes aimed at inflaming the jury. The evidence was admitted without objection. We may review only for plain error.

This court has the discretion to grant plain error review when manifest injustice or miscarriage of justice has resulted. Rule 30.20. Plain error review is limited. *State v. Morrison*, 869 S.W.2d 813, 815 (Mo.App.S.D.1994).

■ Boone never objected to the admission of other criminal acts at trial. Moreover, he used these uncharged crimes to support his defense. His attorney cross-examined K.B. regarding how she felt after smoking crack cocaine with Boone. He questioned her about the affect the drugs had on Boone physically in an effort to prove his use of the cocaine would render him unable to commit the crimes. Boone's attorney inquired extensively about the events that took place at the Fireside Inn in an effort to bolster his consent theory. He called defense witness Michael Ross, an employee at the Fireside Inn, who testified Boone and K.B. acted "friendly", conversed with each other, and held hands.

■ In the same point relied on, Boone makes a second argument. He contends Jury Instruction No. 7. exacerbated the error because it "allowed the jury to consider the uncharged incident at the Fireside Inn as evidence of the instant offense."

The instruction provided in pertinent part:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that *on or about November 22, 1991, in the County of St. Louis, State of Missouri,* the defendant had sexual intercourse with [K.B.], and

\* \* \* \* \* \*

If you find the defendant guilty under Count I of forcible rape, you will return a verdict finding him guilty of forcible rape. (Our emphasis)

■ Instructional errors are reversible if the error misleads the jury to prejudice the defendant. *State v. Poe*, 857 S.W.2d 419, 423 (Mo.App.E.D.1993). To determine prejudice,

the facts and instruction are reviewed together as a whole. *Id.*

Boone was not prejudiced by this instruction. The jury was instructed on the charged acts that occurred in St. Louis County, specifically the rape at K.B.'s apartment. The misconduct at the Fireside Inn took place in the City of St. Louis. "When a jury receives proper and adequate instructions, it is presumed the jury will properly follow the instructions as given." *State v. Payton*, 895 S.W.2d 283, 285 (Mo.App.S.D. 1995). Point denied.

In his second point, Boone contends the trial court erred in denying his Rule 29.15 motion without a hearing. He argues his trial attorney did not act competently because he failed "to investigate and present evidence of [K.B.'s] mental history to impeach her credibility," thus, depriving him of a fair trial.

■ Our review of a denial of post conviction relief is limited to determining if the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Movant has the burden of proving his claim for relief by the preponderance of the evidence. In order to prevail on an ineffective assistance of counsel claim, the defendant must show the following: (1) his attorney's performance fell below the customary skill and diligence required by a reasonable competent attorney; and, (2) the attorney's performance prejudiced the defendant. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989).

■ Boone's argument is without merit. The record shows his attorney presented substantial evidence of K.B.'s mental history. Counsel offered evidence K.B. was mentally unstable long before she admitted herself to Malcolm–Bliss Hospital. She was treated for depression at Great Rivers Psychiatric Clinic. She also received abusive relationship counseling. After a vigorous cross-examination, she admitted she was suicidal and "needed help desperately." K.B. was treated for psychosis. She had been taking Haldol, a drug, at the time she was with Boone. He showed, by way of a medical treatise, this drug was used for psychotic disorders. In closing arguments, counsel told the jury,

"... [Haldol] is a drug that is prescribed for someone who is psychotic, for someone who is depressed. And psychosis is a very serious break with reality." Counsel argued extensively about K.B.'s perception of the word "forced" and suggested her interpretation was different than that required under the jury instruction due to "her disease". These efforts by defense counsel offer substantial support to rebut the allegation on this ground. Point denied.

We affirm.

REINHARD, P.J., and WHITE, J., concur.