STATE of Missouri, Respondent,

v.

William J. CRAWFORD, Appellant.

William J. CRAWFORD,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 64704, 67306.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

William J. Crawford was charged and convicted of selling a controlled substance (cocaine) in violation of § 195.211 RSMo 1994. He was sentenced as a persistent offender to fifteen years imprisonment. We affirm.

The state proved the charge with the following evidence: On December 30, 1991, a confidential informant told a St. Louis police officer that cocaine was being sold between the residences of 6300 and 6304 Everett Street in Berkeley, Missouri. Later that evening, an undercover buy was arranged. The confidential informant and an undercover agent proceeded to 6304 Everett Street. The informant knocked on the door and asked for "Craw". Crawford (defendant) came to the front door and walked out to the driveway. He handed the agent a plastic bag containing cocaine in exchange for $450. The undercover agent noticed the bag did not contain the correct amount of cocaine. Crawford handed the agent another bag containing a hard rock cocaine-based substance. The informant and the undercover agent then returned to the police station to obtain a search warrant for 6300 and 6304 Everett Street.

Subsequently, the police knocked and entered the residence at 6300 Everett Street. They found four men. Crawford ran to the back of the house and down to the basement. The police arrested Crawford and searched the house. They found two prescription bottles hidden in the drain pipe in the basement. Laboratory testing confirmed the two bags and two bottles contained cocaine.

Crawford testified he went to visit a friend at 6300 Everett Street. He denied ever selling cocaine to the undercover agent and claimed his friend answered the door, went outside, then came back into the house counting money.

## DIRECT APPEAL

Crawford asserts two points on direct appeal. He contends the trial court clearly erred in instructing the jury on Instruction No. 4, patterned after MAI–CR3d 302.04 because the "firmly convinced" language lowers the burden of proof required by the state, thus, violating Crawford's due process rights. Crawford did not preserve this point for appeal. Further, this instruction has been repeatedly upheld as constitutional by the Missouri Supreme Court. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987); *State v. Guinan,* 732 S.W.2d 174, 177–178 (Mo. banc 1987). This point is without merit.

Next, Crawford contends the trial court clearly erred in overruling his motion in limine which prevented the introduction of evidence of other crimes. He specifically challenges the following: (1) the state making reference to other crimes in opening and closing argument; (2) allowing testimony from three police officers concerning a search conducted subsequent to Crawford's charged offense of sale; (3) admitting various exhibits including photos and two bottles of cocaine seized from the search; and, (4) submitting Instruction No. 8 to the jury.

We will consider Crawford's first three allegations together. Crawford partially preserved these claims for appeal. His main argument focuses around the search conducted at 6300 Everett Street. He claims the evidence admitted from the search and seizure constituted evidence of uncharged crimes.

The trial court has the discretion to admit or exclude evidence adduced by the parties at trial. *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992). We will not interfere with the trial court's ruling absent a clear abuse of that discretion. *Id.* Generally, evidence of uncharged crimes is inadmissible unless the evidence tends to establish motive, intent, knowledge, the absence of mistake or accident, common scheme or plan, or identity. *State v. Gola,* 870 S.W.2d 861, 867 (Mo.App.W.D.1993).

Here, the state's opening and closing arguments, the testimony of the three officers and the numerous exhibits all relate to the search conducted after Crawford sold cocaine to the undercover agent. The state is required to prove each element of the charge. One of the elements of selling a cocaine-based substance is knowledge.

We find the state proved its case. The evidence relating to the search conducted several hours after Crawford sold cocaine to the undercover agent was admissible. The state's opening argument summarized the evidence seized from the search. In closing argument, the prosecutor explained one of the elements of distribution of cocaine was knowledge. He argued the discovery of the drugs in the basement drain pipe showed Crawford knew the nature of the illegal drug (cocaine). *See Gola,* 870 S.W.2d at 867. The testimony of the officers also showed identity and knowledge. Since Crawford's defense was mistaken identification of the seller, he placed identity, knowledge of the drugs, and intent at issue before the jury. The undercover agent specifically identified Crawford as the man who sold cocaine to him.

Further, the disputed exhibits related to the search at 6300 Everett Street.[1] Craw-

---

1. Crawford specifically objected to the following exhibits:
 1—a photo of the basement
 2—a photo showing the frontal view of 6300 Everett Street

ford was hiding in the basement at the time of his arrest. The police searched the basement and found two prescription bottles that contained crack cocaine in the drain pipe. The fact Crawford was found hiding in the vicinity of the crack cocaine at the time of his arrest was probative of his knowledge that the substance he was selling was crack cocaine. *See Gola,* 870 S.W.2d at 867. The evidence was proof he intended to possess the illegal drugs. Evidence of other crimes may be admitted to show defendant's intent, motive, and knowledge of the nature of the substance sold. *Id.* at 868. We find no abuse of discretion.

 Crawford also challenges the submission of a modified MAI–CR3d 310.12 instruction as a cure for error in admitting evidence of other crimes. The instruction reads:

> If you find and believe from the evidence that the defendant was involved in an offense other than the one for which he is now on trial, and other than the offenses mentioned in Instruction No. 7, you may consider that evidence on the issue of identification and knowledge and intent of the defendant. *You may not consider such evidence for any other purpose.* (Our emphasis)

We find no prejudicial error in submitting a cautionary instruction which is generally requested by defendant. *See State v. Mayo,* 784 S.W.2d 897, 898 (Mo.App.1990). The instruction specifically instructed the jury to consider evidence of other crimes only on issues of identification, knowledge and intent to sell cocaine as charged. When a jury receives a proper and adequate instruction, it is presumed the jury will follow the instruction. *State v. Payton,* 895 S.W.2d 283, 285 (Mo.App.S.D.1995). There is no evidence the instruction misled or confused the jury.

The trial court did not abuse its discretion or plainly err in admitting evidence of other crimes for the limited purpose of showing Crawford's knowledge, intent, and identity.

## POST CONVICTION APPEAL

 Crawford contends he was denied effective assistance of counsel because his trial attorney failed to request a continuance to enable him to obtain suitable clothing to wear. At trial, Crawford wore an orange jail jumpsuit which identified him as being in custody of the Missouri Correctional Department. The public defender's office offered and made suitable clothing available as an alternative to the orange prison jumpsuit. Crawford chose to wear prison clothing throughout the entire trial.

We review a denial of post conviction relief under Rule 29.15(j). We find Crawford abandoned this claim because: (1) he waived the issue at trial; and, (2) he failed to present evidence of prejudicial ineffective assistance of counsel. *See State v. Boone,* 869 S.W.2d 70, 78 (Mo.App.1993); *Malady v. State,* 762 S.W.2d 442, 443 (Mo.App.E.D. 1988). The findings of the motion court were not clearly erroneous.

The judgments of the trial court are affirmed.

REINHARD, P.J., and CRANDALL, J., concur.

3—a photo showing the back view of 6300 Everett Street
4—a photo of the kicked in front door at 6300 Everett Street
5—a photo of inside 6300 Everett Street
21—a photo of the drain pipe in the basement. The photo also showed the two prescription bottles containing crack cocaine taken out of the sewer
22—a photo of the basement where Crawford was found at the time of his arrest
23—a photo of the drain pipe
24—evidence receipt and cocaine
26—search warrant
30—controlled substance report
31—controlled substance report
32—the two bottles that were found in the drain pipe
33—evidence receipt