STATE of Missouri,
Plaintiff/Respondent,

v.

Terry Dean SENSABAUGH,
Defendant/Appellant.

No. ED 75404.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 9, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 5, 2000.

Application for Transfer Denied
Feb. 22, 2000.

678

Gary E. Brotherton, Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kristin M. Frazier, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Terry Dean Sensabaugh, appeals from the judgment entered on a jury verdict finding him guilty of trafficking in the first degree, in violation of Section 195.222 RSMo (1994), based on aiding the manufacture of methamphetamine. The trial court sentenced defendant as a persistent misdemeanor offender to a term of fifteen years. On appeal defendant challenges the sufficiency of the evidence to make a submissible case that he aided the manufacture of methamphetamine and argues that the court plainly erred in allowing an expert witness to testify that methamphetamine was being manufactured as that term is statutorily defined, which, he contends, invaded the province of the jury. We affirm.

We view the evidence in the light most favorable to the verdict. On April 4, 1997, Detective Jeff Munzlinger from the Jefferson County Sheriff's Department, assisted by two other law enforcement officers, executed a search warrant of a mobile home in Fenton, Missouri. As the officers approached the residence, they detected a "very strong chemical smell." They knocked on the door and announced a search warrant. After receiving no response and hearing people running around inside the mobile home, the officers tried to open the door and felt resistance. They proceeded to use a battering ram to gain entry. Once they opened the door, Detective Munzlinger saw only one person, defendant. The officers found four others elsewhere in and around the house, including Evangeline "Vangie" Tosti and Linda Gatson.

The officers searched defendant and found $1900 rolled up in a rubber band in his left pant pocket, as well as rolling papers and marijuana. The officers also

searched the mobile home and found numerous items used in the manufacture of methamphetamine, including Nasal Equate sinus tabs, some of which were counted out, some of which were soaking, and some of which were ground down, a sifter, a grinder, bottles and a case of Everclear, boxes and two cases of starting fluid, batteries, canisters, coffee filters, and a tub. The officers found the items in plain view throughout the mobile home. The officers also seized three mason jars containing a liquid layer and a powdery substance later determined to be methamphetamine in a total amount of 751.19 grams.

After being advised of his rights, defendant made the following written statement: "Terry Sensabaugh know that Vangie and Linda makes the dope, meth. Linda is the big cook, Vangie gets the shit from the store to cook the meth." After writing the statement, defendant orally admitted that the money found in his pocket was from selling methamphetamine for the two women.

The prosecuting attorney filed an information with the Circuit Court of Jefferson County which, as amended, charged defendant as a persistent misdemeanor offender with trafficking in the first degree, in violation of Section 195.222 RSMo (1994), or, in the alternative, with trafficking in the second degree, in violation of Section 195.223 RSMo (1994) in that he, "acting with another, manufactured, by a combination of extraction and chemical synthesis, 450 grams or more of any material containing any quantity of methamphetamine."

■ In his first point defendant contends that the trial court erred in denying his motion for judgment of acquittal because the state failed to adduce sufficient evidence to support the finding that he aided the manufacture with the purpose of promoting or furthering the trafficking of methamphetamine, so as to make him criminally responsible under Section 562.041.1(2) RSMo (1994).

■ We review the denial of a motion for judgment of acquittal to determine if the state adduced sufficient evidence to make a submissible case. *State v. Foster*, 930 S.W.2d 62, 64 (Mo.App.1996). In determining whether the evidence is sufficient to support the conviction, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *Id.*

■ The manufacture of methamphetamine constitutes the crime of trafficking in the first degree, in violation of Section 195.222.8 RSMo (1994). The case was presented to the jury on an accomplice liability theory. One who, before or during the commission of a crime, intentionally and knowingly aids or encourages the commission of a crime is criminally responsible for that offense. Section 562.041.1(2). Although presence at the scene of the crime, or presence combined with a refusal to interfere, is not sufficient to establish accomplice liability, no particular physical act is necessary for a finding of guilt; mere encouragement is enough. *State v. Richardson*, 923 S.W.2d 301, 317 (Mo. banc 1996). "Encouragement," for this purpose, is the equivalent of conduct that by any means countenances or approves the criminal actions of another. *Id.* at 318.

There was sufficient evidence in this case from which the jury could have inferred that defendant encouraged the manufacturing process. Defendant was present in a mobile home in which it was apparent that methamphetamine was being manufactured and he admitted he knew that the two women in the mobile home made methamphetamine. He did not respond to the police knock and stood inside while they forcibly entered the house. More importantly, he sold methamphetamine for the two women who manufactured it, thus providing an outlet for their manufacture. The jury could infer from this evidence that defendant encour-

aged their manufacture of methamphetamine.

The evidence was sufficient to submit the issue of trafficking in the first degree to the jury. Point one is denied.

For his second point defendant asserts that the trial court plainly erred when, after the state's expert witness testified that he knew the statutory definition of manufacturing methamphetamine, the court allowed the prosecutor to elicit an opinion from the expert that, in his opinion, methamphetamine was being manufactured in the mobile home. Defendant contends that that testimony exceeded the witness's expertise, stated legal conclusions, and invaded the province of the jury who could determine manufacture from the evidence.

Because plaintiff did not raise this claim in any manner at trial, we may only review for plain error. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998). We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Id.* Defendant's unpreserved claim regarding expert testimony does not raise a substantial ground for plain error.

The purpose of expert testimony is to assist the jury in areas which are outside of everyday experience or lay expertise. *State v. Gola*, 870 S.W.2d 861, 864 (Mo. App.1993). The amended information charged defendant, acting with another, manufactured, by a combination of extraction and chemical synthesis, methamphetamine.

Section 195.010(23) provides in relevant part that "manufacture" means: "the production, preparation, propagation, compounding or processing of drug paraphernalia or of a controlled substance, ... either directly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis...." Instruction No. 5 required the jury to determine whether manufacturing took place as so defined in the statute. Defendant made a written admission that "meth" was being "cooked" in the trailer and Det. Munzlinger testified that the items observed and seized were all part of the manufacturing process. The testimony of the expert witness, a criminalist with a college degree and additional training in drug analysis, aided the jury in that it clarified that the process used was a process involving chemical extraction and synthesis, as set out in the statute, which a person without knowledge and experience would not necessarily have known. Because there is no substantial ground for plain error review, point two is denied.

The judgment is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J., concur.