Norcross v. Hudson.

JOEL W. NORCROSS *et al.*, Appellants, v. HENRY HUDSON, Respondent.

*Evidence.*—Records are evidence for or against those only who are parties or privies thereto. Upon an issue upon a plea in abatement in an attachment, it was erroneous to permit the defendant to read in evidence the record of suits between other parties, involving the validity of a conveyance made by the defendant, alleged to have been fraudulent.

*Appeal from St. Louis Circuit Court.*

The facts are stated in the opinion of the court.

*Smith & Sedgwick*, for appellants.

I. The judgments offered in evidence were not competent evidence. It was intended to make the jury believe, that because Hayden was able to sustain his title to the property, therefore the intent of Hayden was not fraudulent.

*Voorhis*, for respondent.

I. The records were properly admitted in evidence, for they were used only to prove that verdicts were given in those cases as collateral facts. (1 Greenl. Ev., § 572, 538, 539.)

The cases were in the same court, and all upon the same issue, to-wit, fraud in the sale.

BAY, Judge, delivered the opinion of the court.

Plaintiffs sued out of the Circuit Court a writ of attachment, predicated upon an affidavit charging defendant with having fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors. The property attached consisted of goods in store of defendant, on Market street. At the return term, the defendant filed a plea in the nature of a plea in abatement, putting in issue the truth of the affidavit, which issue was found for the defendant; whereupon the court dismissed the suit. A motion for a new trial was made in due time and overruled. It does not appear from the bill of exceptions that any instructions were given or refused. The only question, therefore, raised by the record, relates to the admissibility of evidence.

The defendant read in evidence to the jury the records of three several suits brought in the Circuit Court by William W. Hayden against Smith, Sedgwick et al., under bonds of indemnity, given under the provisions of "An act concerning the duties of sheriff and marshal in the county of St. Louis," approved March 3, 1855, in which Hayden obtained judgment. Some time prior to the institution of these suits, judgment had been obtained before a justice of the peace against Hudson, upon which executions issued, and to satisfy which the constable levied upon certain goods in the store and possession of Hudson. Hayden claimed the goods by virtue of an alleged sale from Hudson, as evidenced by a bill of sale executed by Hudson bearing date March 3, 1858, and embracing the property in controversy. Due notice of the claim was given to the constable, whereupon the plaintiffs in execution gave bonds, as is required by said act, and the property was sold to satisfy the executions. Hayden brought suits on the bonds, and the only question involved was as to the validity of said bill of sale, the defendants contending that it was void, having been executed with an intent to defraud, hinder and delay the creditors of Hudson.

The jury found in three cases for Hayden, virtually negativing all idea of fraud in the bill of sale, and the records of

these cases were read in evidence by defendant upon the trial of the issue in this case tendered by the plea in abatement. The decision of the court below in permitting said records to be read in evidence, is assigned as error. In our opinion they were inadmissible for any purpose whatever. The object of the defendant undoubtedly was to parade before the jury, with a view to influence their judgment, the fact that three juries in separate cases, and on different occasions, had declared in favor of the validity of said alleged sale. It is proper here to remark that the plaintiffs in this suit relied upon fraud in the bill of sale to maintain the attachment.

These records were in no sense relevant to the issue, nor were Norcross and Sargent privy thereto, not being parties of record. The only end, therefore, which could possibly be attained by their introduction was to prejudice the jury against the plaintiffs. It will, moreover, appear from an examination of these records that Hudson was a material witness for Hayden; and now to permit him to derive any benefit from verdicts which his evidence largely contributed to make, would not only be manifestly unjust, but a violation of that universal rule of evidence which precludes a party from testifying in his own behalf.

The other judges concurring, the judgment will be reversed and the cause remanded.