STRAUSS *et al.* v. AYRES; KINNEY, *Garnishee, Appellant.*

Judgment: EVIDENCE: ATTACHMENT: GARNISHEE. A judgment for or against a garnishee in an action of attachment by one creditor is not binding upon another creditor in an attachment suit by him against the same garnishee, and the record of the judgment in the former case is not admissible in evidence on the trial of the latter.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*J. M. Patterson* and *O. H. Travers,* for appellants.

A judgment for or against a garnishee in attachment by one creditor is not binding on any other creditor in his suit, because there is no identity or privity of parties. If not binding on the creditor, it cannot be binding on the garnishee. Freeman on Judgments (2 Ed.) sec. 167; *Wheeler v. Aldrich,* 13 Gray, 51.

*F. S. Heffernan* for respondent.

The best evidence of the garnishee's indebtedness to the defendant at the time of the service of the garnishment in this case is the solemn judgment of a court of record upon that issue unappealed from, although not be-

tween parties or privies. *Foster et al. v. Nowlin*, 4 Mo.
18; *State to use, etc., v. Coste et al.*, 36 Mo. 437. In
order that the rights of a party may be as adjudicated
in a former suit, it is not necessary that he should have
been a party to the record of this suit. *Wood v. Eusel*,
63 Mo. 193; *Strong v. Gautt*, 62 Mo. 289; *M. Jones v.
Talbot & Fox*, 9 Mo. 120; Biglow on Estoppel, 4, 5, 75
and 77. The judgment may be read in evidence to show
garnishee's indebtedness to defendant at the date of the
service, even though the plaintiffs were not a party to
that judgment (as though this action was by the de-
fendant against the garnishee), and in both garnishments
the same issue was to be tried. *Keeler v. Bartine*, 12
Wend. 110; *Beck v. Hunter*, 3 La. 641; Abbott Trial
Evidence, 358, note 3, and other authorities there cited,
2 Kern 343; *Calkins v. Allerton*, 3 Barb. 171; Drake
on Att., sec. 707, and cases cited. Attachment, as it
effects the garnishee, is in reality a suit by the de-
fendant in the plaintiff's name against the garnishee.
1 Wait. 410; *Moore v. Stainton*, 22 Ala. (N. S.) 831;
*Travis v. Tortt*, 8 *Id.* 574; *Malley v. Allman*, 14 Wis.
22; *Thorn v. Woodruff*, 5. Cok. 55; *McGrath v. Heardy*,
4 Bing. (N. C.) 785.

NORTON, J.—Plaintiffs brought this suit by attach-
ment in the circuit court of Greene county against de-
fendant, Ayres, and A. F. Kinney, who was summoned
as a garnishee, appeared and answered that he owed or
had no money or effects of Ayres in his hands at the
time he was garnished. Issue was joined on the an-
swer, which was tried and resulted in a judgment in favor
of plaintiffs against Kinney, from which he has appealed.

The only evidence offered by plaintiffs on the trial
was the record and proceedings in an attachment suit in-
stituted by one S. Horine against John Ayres in the
probate and common pleas court of Greene county on
the same day that plaintiffs, Strauss & Company, insti-

tuted this suit against him, and in both of which Kinney was summoned as garnishee. The record and proceedings in the case of Horine against Ayres showed that upon a trial of the issue in that case between the plaintiff and Kinney, as to his indebtedness to Ayres, the jury found that Kinney, at the time he was summoned, had in his hands the sum of three hundred dollars belonging to Ayres, and that judgment was rendered against Kinney for the amount of Horine's judgment. This evidence was received over the objection of Kinney and this action of the court is assigned for error.

That a judgment is only binding on the parties to it and those in privity with them, is a rule so familiar as not to demand the citation of authorities to establish it. Strauss & Company were neither parties nor privies in or to the Horine judgment. Mr. Freeman, in section 167, in his work on Judgments, says: "Where one is by garnishment involuntarily made a party to a suit in which he has no personal interest, he is fully protected by the proceedings in law, provided he acts in obedience to the orders of the court in the surrender and payment of the property attached. But a judgment against a garnishee is never conclusive against the principal that the amount for which the garnishee has been made liable is the full amount due from him. Otherwise a garnishee, by confessing part of the debt, could avoid payment of the residue. He will in no case be protected by the judgment beyond the amount it required him to pay, and this is the rule applied to judgments against a trustee. But a judgment for or against a garnishee in an attachment issued in favor of one creditor is not binding on any other attaching creditor. Between the two creditors there is no privity." See, also, sections 159 and 252 of same author, and *Norcross v. Hudson*, 32 Mo. 227.

For the error committed in receiving in evidence the proceedings and judgment in the case of *Horine v. Ayres*,

the judgment is reversed and cause remanded. All concur.