**STATE of Missouri, ex rel. Joel C. BALLENGER, Relator,**

v.

**The Honorable James A. FRANKLIN, Jr., Respondent.**

**No. WD 62819.**

Missouri Court of Appeals,
Western District.

Sept. 23, 2003.

Jeffrey E. Green, Osage Beach, MO, Attorney for Relator.

Marvin W. Opie, Prosecuting Attorney, Versailles, MO, Attorney for Respondent.

Before HOWARD, P.J., and BRECKENRIDGE and HARDWICK, JJ.

VICTOR C. HOWARD, Presiding Judge.

Relator Ballenger filed a Petition for Writ of Prohibition in an effort to prevent the trial court from proceeding to trial in this matter without first remanding the cause for a preliminary hearing. He claims that he waived a preliminary hearing and agreed to enter a guilty plea because of certain promises made by the prosecutor. The trial court, however, refused to accept his plea. Ballenger now contends that because the prosecutor failed to fulfill those promises, the trial court erred by not setting aside his waiver of a preliminary hearing and proceeding to

trial. This court entered a Preliminary Order in Prohibition and set the matter for briefing and argument.

Having reviewed the briefs of the parties and the record on appeal, we do not find merit in relator's claim and decline to issue a permanent Writ of Prohibition. Our Preliminary Order in Prohibition is hereby dissolved.

## Discussion

Joel Ballenger filed his petition for a Writ of Prohibition in an attempt to get a preliminary hearing on the charges filed against him. Ballenger was charged by the Morgan County prosecutor in two separate criminal cases. The complaint in the first case charged one count of possession of a controlled substance and the complaint in the second case charged four more counts involving drug violations. The two cases were consolidated for purposes of plea negotiations and processing.

■ Morgan County Prosecutor Concannon and Ballenger's attorney negotiated a plea agreement wherein Ballenger would waive preliminary hearing and plead guilty to the single charge in the first case. In exchange, Concannon agreed to dismiss all remaining charges and recommend probation. Ballenger waived a preliminary hearing and attempted to plead guilty, but the court did not accept the guilty plea because Ballenger refused to answer certain questions during the plea hearing. Instead, the case was set for trial. Concannon subsequently resigned, and his successor, Marvin Opie, informed Ballenger that the plea agreement was no longer available.

Ballenger then filed a motion to set aside his waiver of preliminary hearing because of the prosecutor's failure to fulfill the promise (the plea agreement) that induced Ballenger to waive the hearing and plead guilty. The trial court denied the motion. Ballenger claims that he was prejudiced by that denial because when he waived preliminary hearing he lost an important discovery tool and lost an important opportunity to find out "what evidence the prosecuting attorney has."

■ As this court has explained previously:

The power to issue a writ of prohibition is limited to correction or limitation of an inferior court or agency that is acting without, or in excess of, their jurisdiction. A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which the application has been made.

*State ex rel. J.E. Dunn Constr. Co. v. Fairness in Constr. Bd. of City of Kansas City,* 960 S.W.2d 507, 511 (Mo.App. W.D. 1997) (internal quotation marks and citations omitted.)

■ This court will exercise our discretionary authority to issue a writ of prohibition, "when the facts and circumstances of a particular case demonstrate unequivocally that there exists an extreme necessity for preventative action." *Id.* Because "[a] writ of prohibition is an extraordinary remedy," we use it "with 'great caution, forbearance, and only in cases of extreme necessity.'" *Id.* (quoting *Mo. Dep't of Soc. Servs. v. Admin. Hearing Comm'n,* 826 S.W.2d 871, 873 (Mo. App. W.D.1992)). Thus, Ballenger must show that the trial court exceeded its jurisdiction in denying him a preliminary hearing and that "the remedy of appeal is not available" to him. *Id.*

■ He has not done so, and we decline to exercise our discretion to issue a permanent writ of prohibition in this case. We detect no bad faith by any party, such as a

reneging on promises made, which induced the defendant to give up a preliminary hearing. Prosecutor Concannon was good to his word and followed through with his recommendation to the court. As far as we can tell, there was never an agreement that the defendant could withdraw his waiver of a preliminary hearing if his plea was rejected. The court in fact did reject the plea. "There is no absolute right to have a guilty plea accepted by the trial court, even when the State and the defendant have reached an agreement and have presented it to the court in writing." *State v. Hall,* 955 S.W.2d 198, 202 (Mo. banc 1997), *cert. denied,* 523 U.S. 1053, 118 S.Ct. 1375, 140 L.Ed.2d 523 (1998) (citing Rule 24.02(d)(2)). This is because " '[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest.' " *Id.* (quoting *Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984)).

No unfulfilled promises are apparent from the record before us. Prosecutor Concannon fulfilled his promises to the extent he could, given the trial court's refusal to accept the plea. And, Ballenger makes no compelling argument that the successor prosecutor, Opie, had a legal duty to continue forward with a plea agreement, which had already been rejected by the court.

Also, we appreciate the fact that, before going to trial, the defendant might prefer to have a preliminary hearing as a discovery tool. However, Ballenger has not demonstrated, in this record, that he will be irreparably harmed by having to rely on other traditional methods of discovery.

All considered, we do not find an extreme necessity exists to warrant the uti-lization of the extraordinary relief requested. Accordingly, the previously issued Preliminary Order in Prohibition is dissolved.

BRECKENRIDGE and HARDWICK, JJ., concur.