STATE of Missouri EX REL. CHEV-RA KADISHA CEMETERY AS-SOCIATION, Relator,

v.

Honorable Gloria Clark RENO Circuit Judge, Division 19, Twenty-First Judicial Circuit, Respondent.

No. ED 105693

Missouri Court of Appeals, Eastern District, WRIT DIVISION TWO.

Filed: August 15, 2017

Attorney for Relator: David Korum.

Attorney for Respondent: Jay B. Umansky.

Attorney for Defendant: Jon R. Sanner.

## LAWRENCE E. MOONEY, PRESIDING JUDGE

The Chevra Kadisha Cemetery Association seeks a Writ of Prohibition to prohibit the circuit court from taking any further action after the circuit court held the cemetery in contempt for refusing to allow the disinterment of Gregoriy Bozenson. We issued a preliminary order in prohibition. Because the cemetery is not a party, we now make that order permanent.

Gregoriy Bozenson was a Ukrainian-born mathematics and science teacher who arrived in St. Louis in 1993, On March 5, 2012 he entered into and executed a contract for cremation services with American Mortuary and Cremation Service, LLC. The mortuary agreed to cremate the remains of Mr. Bozenson upon his death. The cremains were then to be shipped to Mr. Bozenson's heirs, for interment next to Mr. Bozenson's late wife in the Ukraine. Mr. Bozenson's sole heirs, a daughter, Izabella Zantariia, and two grandchildren, Svetlana Kolova and Vadym Zantariia, live in Germany and the Ukraine.

Mr. Bozenson died on September 25, 2012, The mortuary, however, did not cremate Mr. Bozenson's remains. Instead, the mortuary and the Ahavas Chesed Society arranged for Mr. Bozenson to be interred in a pauper's grave at the cemetery.[1] Burial occurred without the knowledge or consent of Mr. Bozenson's heirs.

Mr. Bozenson's heirs and Jay B. Umansky, the purported personal representative of Mr. Bozenson's estate, sued the mortuary in February of 2014, seeking damages for breach of contract.[2] They also request-

---

1. The Ahavas Chesed Society is a local Jewish organization that follows Jewish law in preparing the dead for burial.

2. Jay B. Umansky is and was at all time counsel for Mr. Bozenson's heirs. In early pleadings in the circuit court, from February 2014 through May of 2017, Mr. Umansky additionally referred to himself as the "Personal Representative of the Estate of Gregoriy Bozenson, Deceased." In his proposed contempt order filed on June 23, 2017, he recharacterized his status and said that he had "opened a Small Estate on behalf of the decedent in the Probate Court of St. Louis County and acted as the representative for decedent's estate." The circuit court adopted this language in its order of contempt, and Mr. Umansky uses this language in his filings with

ed that the circuit court grant them the right of sepulcher as to Mr. Bozenson's remains.[3] The circuit court granted this request, and on March 5, 2015, ordered that the remains of Mr. Bozenson be disinterred at the plaintiffs' expense, and then turned over to Mr. Umansky for transport to the Ukraine for interment,[4] The plaintiffs and the mortuary settled the breach-of-contract claim.[5]

The circuit court issued writs of execution on two separate occasions, July 15, 2015 and August 25, 2016. Each writ directed the cemetery to make Mr. Bozenson's remains available to plaintiffs for disinterment and transfer to the Ukraine for burial. The cemetery did not allow the disinterment.

In May of 2017, on plaintiffs' motion, the circuit court ordered the cemetery to show cause why it had failed to comply with the disinterment order and attempts at execution, and why it should not be held in contempt under Rule 74.07. The circuit court heard arguments and took the matter under submission. The cemetery then filed its petition for writ of prohibition. On July 7, 2017, the circuit court held the cemetery in contempt of court for failing to comply with the court's orders. The circuit court ordered the cemetery to make the remains of Mr. Bozenson available to plaintiffs for disinterment within fourteen days. If the cemetery failed to do so, the court ordered the cemetery fined $2,500 per day until such time as the cemetery made the remains of Mr. Bozenson available to plaintiffs for disinterment. This Court issued a preliminary order in prohibition and stayed the contempt order. We dispense with further briefing and oral arguments as permitted by Rule 84.24(i).

## Discussion

■■■ This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1; *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 799 (Mo. banc 2017); *St. Louis Cty. Bd. of Election Commissioners v. McShane*, 492 S.W.3d 177, 180 (Mo. App. E.D. 2016). "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). This Court will exercise its discretionary

this Court. Records from the St. Louis County Circuit Court show that a case was opened on January 14, 2014. Mr. Umansky was the petitioner, with Gregoriy Bozenson named as the decedent. No court order appointing Mr. Umansky as personal representative of the estate, nor an application for such appointment, appears in the case file. The estate case was disposed of on January 29, 2014.

3. Section 194.119.1 defines the "right of sepulcher" as "the right to choose and control the burial, cremation, or other final disposition of a dead human body."

4. In December of 2016, the circuit court, on plaintiffs' motion for *nunc pro tunc*, amended the disinterment order of March 5, 2015 to denominate the order as a final judgment. For consistency and ease of reading, we will continue to refer to the court's ruling as an "order."

5. Pursuant to the settlement, the plaintiffs dismissed their breach-of-contract claim on March 23, 2015. They amended this dismissal the next day, and dismissed "their cause of action" against the mortuary. The parties dispute the scope and legal effect of these dismissals. We need not resolve the dispute. For purposes of this writ, we assume the dismissals were effective. In both dismissals, the plaintiffs asserted that the dismissal in no way altered or affected the circuit court's order of March 5, 2015.

authority to issue a writ of prohibition when the facts and circumstances demonstrate unequivocally that an extreme necessity for preventive action exists. *State ex rel. Ballenger v. Franklin*, 114 S.W.3d 883, 885 (Mo. App. W.D. 2003); *State ex rel. Snider v. Flynn*, 926 S.W.2d 891, 894 (Mo. App. E.D. 1996). Such a situation exists here. In holding the cemetery in contempt, the circuit court has ruled against an entity that is not a party. Preventative action is warranted and necessary.

■■■ Rule 74.07 provides in part that "[i]f a judgment directs a *party* ... to perform any other specific act and the *party* fails to comply ... the court may direct the act to be done.... The court may also adjudge the *party* in contempt." Rule 74.07 (Emphasis supplied).[6] The circuit court held the cemetery in contempt for failing to abide by the court's March 5, 2015 disinterment order. That order is only binding on the parties to the order and those in privity with them. *Strauss v. Ayres*, 87 Mo. 348, 350 (Mo. 1885); *Green v. Fred Weber, Inc.*, 254 S.W.3d 874, 884 (Mo. banc 2008). The circuit court entered the disinterment order in an action between the heirs and the mortuary. The cemetery was not a party to that action. Nor can it be said that the cemetery was in privity with either the heirs or the mortuary.[7] No such contention is made and the record does not support such a conclusion. The cemetery is thus not bound by the disinterment order. A trial court's judgment does not bind one not before the court. *Pauli v. Spicer*, 445 S.W.3d 667, 676 (Mo. App. E.D. 2014); *Epstein v. Villa Dorado Condo. Ass'n, Inc.*, 316 S.W.3d 457, 461 (Mo. App. E.D. 2010). "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Here, the cemetery is not a party or otherwise bound by the disinterment order. Thus, the trial court did not have jurisdiction over the cemetery and it cannot be held in contempt for failing to abide by that order.[8]

The circuit court exceeded its authority. We make our preliminary order in prohibi-

6. Rule 74.07 reads in full:

> If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party. On application of the party entitled to performance, a writ of attachment or sequestration shall issue against the property of the disobedient party to compel obedience to the judgment. The court may also adjudge the party in contempt. If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue.

7. "Privity ... is premised on the proposition that the interests of the party and non-party are so closely intertwined that the non-party can fairly be considered to have had his or her day in court." *Stine v. Warford*, 18 S.W.3d 601, 605 (Mo. App. W.D. 2000).

8. We acknowledge that in certain limited situations an individual may be held in contempt when they affirmatively participate in concerted group activity that violates a court order. To be held in contempt, the individual must act with the requisite knowledge and intent. *See, e.g., State ex rel. Girard v. Percich*, 557 S.W.2d 25, 37 (Mo. App. 1977). That is not the situation here.

tion permanent. The circuit judge is directed to vacate her order of July 7, 2017 and deny without prejudice the motion to hold the cemetery in contempt.[9]

GARY M. GAERTNER, JR., J. and ANGELA T. QUIGLESS, J., concur.

9. We express no opinion as to the merits of the parties' claims. Our decision today is limited to the jurisdictional question.