

# Missouri Court of Appeals

## Southern District

### In Division

STATE OF MISSOURI EX REL,　　　　)
ANDREW BAILEY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Relator,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　No. SD38412
　　　　　　　　　　　　　　　　　)
HONORABLE C. WADE PIERCE,　　　　)　　**Filed:  March 19, 2024**
And,　　　　　　　　　　　　　　　)
HONORABLE KACEY L. PROCTOR,　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　　)

ORIGINAL PROCEEDING IN PROHIBITION

**<u>PRELIMINARY WRIT MADE PERMANENT AS MODIFIED</u>**

Andrew Bailey, Missouri Attorney General, ("Relator"[1]) filed a "Petition for a Writ of Prohibition, or in the Alternative, a Writ of Mandamus" ("the petition") contending that "the circuit court exceeded its authority by granting [Defendant's] second or successive motion for change of judge."  Relator requests an order directing Respondents Honorable C. Wade Pierce ("Respondent Pierce") and  Honorable Kacey L. Proctor ("Respondent Proctor"), collectively ("Respondents"), "to take no further action in [the underlying case], except to enter an order returning the case to the [Supreme Court of Missouri] for the case to be reassigned to [Respondent] Proctor."  Relator alternatively requests "[i]f this Court determines that a writ

---

[1] The Missouri Attorney General's Office was appointed as special prosecutor in the underlying action, Butler County Case No. 21BT-CR01270.  The underlying action involves a pending charge by felony information against defendant C.M.D. ("Defendant").

should issue but also determines that it cannot supersede the Supreme Court's assignment of a judge, [Relator] would ask this Court to issue a writ and transfer the case to" the Supreme Court.

This Court issued a preliminary writ of prohibition directing Respondents to refrain from taking further action in the underlying case until further order of the Court. The preliminary writ of prohibition is made permanent only to the extent of directing Respondents to refrain from taking further action in the underlying case pending further order of the Supreme Court. This Court determines that we cannot effectuate relief in the case in its present posture so as to designate a different judge other than Respondent Pierce. Given the general interest and importance of the questions involved in the case, we transfer this case to the Supreme Court pursuant to Rules 83.02 and 84.24(m).[2]

### Background

We summarize the facts and procedural history as they are reflected in the record before the Court. Defendant was charged by felony information originally in Stoddard County. The Honorable Joe Satterfield was designated as the judge. The parties filed a joint stipulation for both a change of judge to the Honorable Michael M. Pritchett and a change of venue to Butler County. The stipulation was granted. However, Judge Pritchett subsequently retired and, the case was assigned to Respondent Proctor. Defendant then moved for another change of judge ("the motion").[3]

Respondent Proctor granted the change of judge motion in a docket entry and caused a completed "Judicial Transfer Request" form ("the request") to be submitted to the Supreme Court seeking an assignment of a judge to the case. The request reflected that the "Judge is unavailable due to: Court granting Motion for Change of Judge."[4]

---

[2] All Rule references are to Missouri Court Rules (2023).
[3] The parties filed opposing materials addressing Defendant's motion for change of judge and a hearing was held. At the conclusion of the hearing on Defendant's motion, the trial court permitted an additional period of time for the parties to file additional suggestions, and Defendant filed a letter.
[4] The request is a form that also included text stating, "[Respondent Proctor] being replaced due to:[.]" This was followed by preprinted check boxes on the request form which stated associated reasons for a

The Supreme Court then ordered Respondent Pierce transferred to Butler County for the underlying case ("the transfer order"). The transfer order also stated: "Such powers and responsibilities shall be confined to designated matters and cases, and shall continue until final disposition of such designated matters including after-trial proceedings."

Relator then sought writ relief from this Court. Defendant subsequently filed a "Concession to Relator's Writ of Prohibition" in this Court that conceded the contentions in the writ petition and "request[ed] this Court to make and enter its Order returning the case to the [Supreme Court of Missouri] for the case to be reassigned to [Respondent] Proctor for final disposition." No suggestions in opposition were filed by Respondents. *See* Rule 84.24(c) and (g). This Court then issued a preliminary writ of prohibition. Following the entry of the preliminary writ in prohibition, a joint answer was filed by Respondents. The answer made "reference to Defendant's Concession," and added Respondents' "consent *ad susceptum perficiendum* that Butler County Case No. 21BT-CR01270, be restored, returned and reassigned to [Respondent Proctor]."[5]

## Analysis

"The first application for a change of judge, no matter how characterized, is treated as an application under Rule 32.07 and exhausts the party's right to one change of judge." **State v. Cella**, 976 S.W.2d 543, 550 (Mo. App. E.D. 1998). "If a party requests and obtains either a change of venue or a change of judge, except a change of judge pursuant to Rule 32.06, that party shall not be granted any additional change thereafter except as provided in Rule 32.09(c) or Rule 32.10." Rule 32.08(a).[6]

---

change. But, none of the reasons—which included "disqualification[,]" "by Judge's own motion" and "by motion of Defendant/Respondent"—were marked.

[5] Relator requests that "[d]ue to the nature of this proceeding and to prevent further unwarranted delay in the prosecution of [Defendant's] case, . . . this Court either issue a permanent writ of prohibition (or mandamus) without briefing or order an expedited briefing schedule." In view of Relator's request, Defendant's concession, and Respondents' answer, this Court dispensed with briefing. *See* Rule 84.24(i).

[6] Nothing in this opinion is intended to prohibit or restrict a "change of judge when fundamental fairness so requires[,]" Rule 32.09(c), or when the judge transfers the case for reassignment under Rule 32.10.

The record reflects that Respondent Proctor granted the motion, and did not indicate "disqualification" or the need to assign a new judge based on "Judge's own motion." Defendant "conced[ed]" the petition, and both Respondents consented and requested the underlying case be "restored, returned and reassigned to [Respondent Proctor]." In view of the concession and consent, we find for purposes of our analysis that, in the underlying action, *Defendant did not establish* an entitlement to a second change of judge under Rules 32.01 through 32.09. Rather, Defendant exhausted the right to one change of judge when the joint stipulation to the change of judge to Judge Pritchett was filed. Judge Pritchett's retirement and the subsequent appointment of Respondent Proctor did not give Defendant a second bite of the apple.

By itself, the nullification of Respondent Proctor's order granting a change of judge does not remediate the situation. Relator's alternative requests for relief implicitly acknowledge the authority of the Supreme Court of Missouri to grant effective relief in this matter. "This Court has the authority to 'issue and determine original remedial writs.'" ***State ex rel. Chevra Kadisha Cemetery Ass'n v. Reno***, 525 S.W.3d 201, 203 (Mo. App. E.D. 2017)(quoting Mo. Const. art. V, sec. 4.1). But, the "Supreme Court possesses 'supervisory authority' and 'general superintending control' over all courts." ***Allsberry v. Ohmer***, 658 S.W.3d 541, 548 (Mo. App. W.D. 2022) (quoting Mo. Const. art. V, sec. 4). "Subject to the supervisory authority of [the Supreme] Court, the Chief Justice—as chief administrative officer of the judicial system—supervises the administration of all Missouri courts." ***Heinen v. Healthline Mgmt., Inc.***, 982 S.W.2d 244, 247 (Mo. banc 1998). This Court does not possess the authority to "make temporary transfers of judicial personnel from one court or district to another[,]" under Rule 11.01, nor do we have the explicit authority to excuse judges so transferred pursuant to that rule. Here, the transfer of Respondent Pierce was by order of the Supreme Court and we are unaware of authority permitting this Court to disregard that designation.

4

**Conclusion**

This Court's preliminary writ is made permanent as modified to direct Respondents to refrain from taking further action in the underlying case pending further order of the Supreme Court. This Court is of the opinion that given the general interest and importance of the issue presented, the case should be transferred to the Supreme Court, and we transfer this case to the Supreme Court pursuant to Rule 83.02.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A.L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS